Before the First Division, September 29, 1955

**No. 59301.**—Gold-Silver & Co. *v.* United States, protest 206509–K (San Francisco).

Oliver, Chief Judge: This case relates to merchandise described on the invoice as " 'Sister Sue' Girl Dolls (Pyroxlin)," which the collector assessed with duty at the rate of 1 cent each and 50 per centum ad valorem under the provision in paragraph 1513 of the Tariff Act of 1930 for dolls "not having any movable member or part" and composed wholly or in chief value of a product provided for in paragraph 31. Plaintiff claims that the articles are not dolls, but are properly classifiable as articles in chief value of cellulose, not specially provided for, under paragraph 31 (b) (2), as modified by T. D. 52373, supplemented by T. D. 52462, dutiable at the rate of 30 per centum ad valorem.

A sample of the merchandise in question is in evidence (plaintiff's exhibit 1). It is a hollow celluloid figure, approximately 2¾ inches high, and appropriately colored to simulate a child wearing a short yellow dress. The head is opened at the top and is so constructed as to have a niche around it, which permits the fitting of a small conelike rubber cap. The parties have agreed that the article is composed of material that is provided for in paragraph 31 (b) (2), as amended, *supra.*

The sole witness in the case was the president of the plaintiff corporation. Referring to the item in question, he stated that "the doll is a take-off on the famed 'Manneken Pis' located in a square in Brussels, Belgium, and was very highly publicized the world over." His testimony concerning the use of the article is as follows:

Q. How is "Sister Sue" used?—A. It's a gag item for adults. The head is removed and filled with water and then the head is replaced. By using pressure on the head it does everything that the "Manneken Pis" does in the square of Brussels.

Q. What happens to the water that was placed in it?—A. The water comes out.

Q. It comes out of a hole in the exhibit, is that correct?—A. That is correct.

The witness also referred to the use of the imported article with domestic components in connection with the production of "another bar gadget or adult novelty." Whatever was done with the imported commodity after entry and while at the plaintiff's place of business to produce some other article of commerce has no bearing on the question before us. It is the condition of the merchandise at the time of importation that controls its tariff classification. *United States* v. *Citroen,* 223 U. S. 407.

Plaintiff's case, as stated in counsel's brief, is based on the premise that the merchandise in question is "a takeoff" of "the 'Manneken Pis', a statue in Brussels Square," and that the "involved articles being a takeoff or image of a statue should be considered statuettes or figurines." In support of the contention, plaintiff's brief sets forth the following definitions of the words "figurine," "image," and "statuette":

*Funk & Wagnalls New Standard Dictionary:*

\* \* \* \* \* \* \*

figurine, \* \* \* A small figure or attached group of figures especially in terra-cotta or ivory; a statuette.

image, n. 1. A visible representation of a person or thing; especially, a sculptured or painted figure; a statue; sculpture; effigy; portrait; picture; as, an *image* of clay, wood, stone, or metal; a graven *image*.

\* \* \* \* \* \* \*

statuette, n. A small statue, generally not exceeding half life-size; a figurine.

*Webster's New International Dictionary:*

\* \* \* \* \* \* \*

figurine, n. A small carved or molded figure;—applied esp. to statuettes in terra-cotta, or the like, which are adorned with painting or gilding, such as are found in ancient tombs and ruins. Many of these statuettes represent genii or guardian spirits, or are simply genre images, dolls, etc.

image, n. 1. An imitation, representation, or similitude of any person or thing, sculptured, drawn, painted, or otherwise made perceptible to the sight; a visible presentation; a reproduction; a likeness; esp. an imitation of a person or thing in the solid form, as a sculptured or model figure; an effigy; statue. Hence, abstractly: Form; aspect; appearance; cast; likeness; semblance.

\* \* \* \* \* \* \*

statuette, n. A small statue, usually one much smaller than life size. Cf. FIGURINE.

The small celluloid article in question is not a "figurine," nor an "image," nor a "statuette," within the definitions of those words, as hereinabove set forth. It is a doll. The witness identified the item, first, as a doll, and, later, characterized it as "a gag item for adults." It has been held that "the *eo nomine* provision for 'dolls' in paragraph 1513 is generic in scope, as it embraces all sorts of dolls including those that are toys," *Barum Co., Inc.* v. *United States*, 30 Cust. Ct. 414, Abstract 57251.

Most persuasive in determining the issue before us is the sample in evidence (exhibit 1, *supra*). Samples are potent witnesses. (*United States* v. *May Department Stores Co.*, 16 Ct. Cust. Appls. 353, T. D. 43090; *United States* v. *Bernard, Judae & Co.*, 18 C. C. P. A. (Customs) 68, T. D. 44029; *United States* v. *The Halle Bros. Co.*, 20 C. C. P. A. (Customs) 219, T. D. 45995). The article under consideration is a puppet, representing a child, i. e., a little girl. As such, it conforms to the basic element in recognized dictionary definitions of the word "doll." Funk & Wagnalls New Standard Dictionary and Webster's New International Dictionary. The wide variety of articles that are included in the general term or designation "doll" was stated in *Louis Wolf & Co., Inc.* v. *United States*, 15 Cust. Ct. 156, C. D. 963, as follows:

It is evident \* \* \* that there are many kinds of dolls, probably the most popular and numerous being those designed especially as playthings for children. Other dolls are designed for purposes of ornamentation, such as boudoir dolls used by adults, and others such as those now before us being used as souvenirs or prizes at carnivals or fairs. There are also dolls for display and advertising purposes which are not used by children and were never designed for such use.

In the light of the foregoing quotation, it is wholly immaterial whether the article under consideration is used as a "gag item," a "bar gadget," or an "adult novelty." Under the cited legal and dictionary authorities, the imported commodity is a doll, as classified by the collector.

On the basis of the present record, and for all of the reasons stated herein, the protest is overruled, and the action of the collector is affirmed. Judgment will be rendered accordingly.