**No. 60266.**—W. C. Sullivan & Co. *v.* United States, protest 258835–K/6942 (Chicago).

OLIVER, Chief Judge:   The merchandise involved in this case is described on the invoice as "Cell. Baby Dolls on chenille stem," which the collector classified under the provision in paragraph 1513 of the Tariff Act of 1930 for "Dolls * * * composed wholly or in chief value of any product provided for in paragraph 31, having any movable member or part," carrying a duty assessment of 1 cent each and 60 per centum ad valorem.   Plaintiff's principal claim is that the merchandise, being equipped with a chenille stem, is something more than a doll, and that, therefore, it is properly classifiable under the provision for articles, not specially provided for, wholly or in chief value of cellulose compounds, other than cellulose acetate, in paragraph 31 (b) (2) of the Tariff Act of 1930, as modified by T. D. 52373, supplemented by T. D. 52462, carrying a dutiable rate of 30 per centum ad valorem.

Defendant has conceded that the article under consideration does not have any movable member or part, so that, if the merchandise is properly classifiable as a doll, it is dutiable under paragraph 1513, *supra*, at only 1 cent each and 50 per centum ad valorem, as alleged by plaintiff in its alternative claim.

The question before us is whether the imported commodity is a doll.   A sample is in evidence (plaintiff's collective exhibit 1).   It consists of a flesh-colored, hollow, celluloid doll, approximately 2⅜ inches in length and 2 inches in body circumference.   A thin strip of chenille, approximately 5½ inches in length, is glued to the back of the doll.   It is agreed between the parties that the article is "composed in chief value of a cellulose compound other than acetate." (R. 4.)

One witness testified.   He was the import manager of Oscar Leistner, Inc., importer of the merchandise under consideration, and whose business includes the importation of "artificial decorations and novelties."   The witness, who does "the buying and the selling and other work connected with it" for his employer, testified that the article in question is sold under the name of "celluloid baby dolls on chenille stem"; that it is always sold in its condition as imported, as represented by the sample (collective exhibit 1, *supra*); that the celluloid doll, *per se*, is never sold alone; and that the chenille stem is secured to the back of the doll in a way that, if the stem were removed, it would mutilate the doll to such extent that its usefulness would be destroyed.   The witness testified further that he sells the article in question "mostly to florist supply houses" and that it is used by florists in making up table decorations for "baby showers."

Recognized dictionary authorities define the word "doll" as follows:

A toy puppet representing a person, and used as a plaything by children, especially by girls.   (Funk & Wagnalls New Standard Dictionary of English Language.)

A puppet representing a child, usually a little girl (but also sometimes a boy or a man, as a soldier, etc.), used as a toy by children, especially by girls.   (Century Dictionary and Cyclopedia.)

A child's puppet; esp., a toy baby for a child; any similar figure for play or ornament.   (Webster's New International Dictionary.)

The merchandise in question, in the light of the foregoing definitions, is something more than a doll.   The chenille strip, as it is permanently attached to the celluloid figure, makes the article materially different from a doll.   Hence, the case of *Gold-Silver & Co.* v. *United States*, 35 Cust. Ct. 246, Abstract 59301, cited

by defendant to support the collector's action, is distinguishable. In that case, the merchandise consisted of a small celluloid article, which we held to be "a puppet, representing a child, i. e., a little girl" that conformed "to the basic element in recognized dictionary definitions of the word 'doll.'" Accordingly, the collector's classification of the article as a doll was upheld. In this case, the celluloid doll with the chenille stem creates a commercial entity which, unlike a doll, has a distinctive use on special occasions, notably, baby showers, in decorative floral centerpieces.

Plaintiff's evidence, which has not been disputed in any way by defendant, is sufficient to overcome the collector's classification of the merchandise as a doll, within the common meaning of the word (no question of commercial designation being involved), and, since it is conceded that the commodity is composed in chief value of a cellulose compound other than acetate, it is, therefore, properly classifiable under the residuary provision in paragraph 31 (b) (2), as amended, *supra*, and dutiable thereunder at the rate of 30 per centum ad valorem, as claimed by plaintiff.

The protest is sustained and judgment will be rendered accordingly.