Before the First Division, February 7, 1957

**No. 60470.**—Gellman Brothers *v.* United States, protest 265774–K (Minneapolis).

Oliver, Chief Judge: Celluloid dolls, assessed with duty at the rate of 1 cent each and 60 per centum ad valorem under paragraph 1513 of the Tariff Act of 1930 as having a movable member or part, are claimed to be dutiable under the same paragraph at only 1 cent each and 50 per centum ad valorem, as not having any movable member or part.

Paragraph 1513, *supra,* so far as pertinent, reads as follows:

\* \* \* dolls and toys, composed wholly or in chief value of any product provided for in paragraph 31, having any movable member or part, 1 cent each and 60 per centum ad valorem; not having any movable member or part, 1 cent each and 50 per centum ad valorem; \* \* \*.

A sample of the article in question is in evidence (plaintiff's exhibit 1). It is a hollow celluloid figure, approximately 4 inches high, and appropriately colored to simulate a child wearing a short red suit. The head is opened at the top and has a niche around it, which permits the fitting of a small conelike, removable, blue, soft rubber cap.

A partner of Gellman Brothers, plaintiff herein, was the sole witness. He identified the article in question as a "squirt novelty" that is sold to "novelty joke and trick stores mostly." To use the article, the rubber cap is removed and the figure is filled with water, poured through the opening at the top. The cap is replaced. By squeezing the rubber cap, water is spurted out through a hole that is in the figure.

Plaintiff cites the case of *Gold-Silver & Co.* v. *United States,* 35 Cust. Ct. 246, Abstract 59301. In that case, the primary question was whether the article was a doll. In this case, it is conceded that the celluloid figure is a doll, the sole question before us being whether or not this doll has a movable member or part. The material difference between the issues in the two cases, renders the cited case inapplicable herein.

Both parties, to support their respective positions, have cited the case of *United States* v. *F. W. Woolworth Co.,* 21 C. C. P. A. (Customs) 319, T. D. 46834. That case involved three different items of toys, but, so far as the present issue is concerned, the decision therein is pertinent only as it related to an item described by the court as follows:

Exhibit 2 is a celluloid toy bullfrog, about 4 inches long by 2½ inches wide, the upper side of which is green and the lower side of which is white. Upon pressure on the rounded lower side of said toy, a cracking noise is made, due to the flexing of the stiff celluloid, and its springing back into shape.

There, as here, the sole question was whether the article responded to the statutory phrase, "having any movable member or part." In sustaining plaintiff's contention and holding the celluloid toy bullfrog as "not having any movable member or part," our appellate court, speaking through the late Judge Bland, stated:

We agree with the contention of the importer and with the decision of the court below in respect to Exhibit 2. In our judgment, there is no warrant for holding that a molded, hollow celluloid toy has movable parts merely because upon bending it or a part of it, a noise will be produced. As has been suggested by the importer, if this feature of the toy should be regarded as giving to it the character of having a movable part, practically all celluloid toys and dolls would have such parts, and it is clear that Congress had also in mind celluloid toys which had no movable parts.

The reasoning applied in the foregoing quotation is favorable to plaintiff's contention in this case. Here, the doll under consideration is designed to squirt

water on an unsuspecting individual, and this is done by flexing the rubber-peaked cap, which feature, under the *F. W. Woolworth Co.* case, *supra*, does not give to the article "the character of having a movable part." The merchandise is, therefore, properly dutiable at the rate of 1 cent each and 50 per centum ad valorem under paragraph 1513, *supra*, as claimed by plaintiff.

The protest is sustained and judgment will be rendered accordingly.